# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-202V
UNPUBLISHED

| | |
|---|---|
| MILAN HARPER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 16, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Table Injury;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Michael Patrick Milmoe*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

      On February 8, 2018, Milan Harper filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a Shoulder Injury Related to Vaccination Administration ("SIRVA") as a result of her December 29, 2016 tetanus-diphtheria-acellular pertussis vaccine. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 28, 2020, I issued a Finding of Fact wherein I found that Petitioner suffered the sequela of her alleged SIRVA for more than six months as required by Section 11(c)(1)(D)(i) of the Vaccine Act. ECF No. 51. In reaction, on November 9, 2020, Respondent filed a Supplemental Rule 4(c) Report indicating that he "has elected not to defend this case" after further review of the facts, medical records, and my Finding of Fact. ECF No. 52 at 5 - 6.

Respondent further indicated that as stated in his initial Rule 4 Report:

> DICP [Division of Injury Compensation Programs, Department of Health and Human Services] determined that petitioner's medical course is consistent with a shoulder injury related to vaccine administration ("SIRVA") as defined by the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder, pain occurred within 48 hours after receipt of an intramuscular vaccination, pain was limited to the shoulder where the vaccine was administered, and no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's shoulder pain. 42 C.F.R. § 100.3(a); 42 C.F.R. § 100.3(c)(10).

ECF No. 52 at n. 13.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation. A Damages Order will issue.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master